# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN J. EGAN<br><br>Defendant. | Case No. 2:11-cr-00216-KJD-VCF<br><br>ORDER |

Presently before the Court is Defendant's Motion to Modify Supervised Release (ECF #81) which the Court construes as seeking early termination of supervised release. The Government filed a response (ECF #82). Defendant filed a Reply (ECF #83). U.S Probation defers to the court.

A district court enjoys "broad discretion" when, after it considers the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of his supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n. 9 (9th Cir. 2006). Title 18 U.S.C. § 3583(e) states:

> (e) **Modification of conditions or revocation.** The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

The Court has considered the following factors under 18 U.S.C. §§ 3553(a): (1) the

nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

In this action, it appears that Defendant completed his sentence after pleading guilty to multiple counts of wire fraud. He began serving his 60-month term of supervised release on January 22, 2022. He seeks early termination based on not being charged with a probation violation, remaining free of criminal activity, and his current stability and accomplishments.

The statutory factors weigh in favor of early termination. The nature and seriousness of the offense of conviction do not preclude early termination. The need for the sentence to afford adequate deterrence and to protect the public favor early termination. Consideration of the kinds of sentences established in the Guidelines for the offense and Sentencing Commission Policy statements weigh in favor of early termination in this case as does the need to avoid sentencing disparities.

Compliance with the conditions of supervision for a period more than s four two years, and his impressive accomplishments have convinced the Court that early termination is warranted and in the interests of justice. Defendant has met his burden in showing that early termination of supervised release is justified andr in the interest of justice.

Accordingly, IT IS HEREBY ORDERED that **Defendant's Request for Early Release of Probation (ECF #81) is GRANTED.**

DATED: March 27, 2026

Kent J. Dawson
United States District Judge

- 2 -